UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TADIOS TESSEMA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, *et al.*,<br><br>    Defendants. | Case No. 2:13-CV-01782-APG-VCF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Dkt. #78) |

Plaintiff Tadios Tessema seeks reconsideration of my order (Dkt. #77) that dismissed with prejudice his first two claims for relief, which are based on Nevada Revised Statutes § 614.170. Tessema argues that I mischaracterized his interpretation of § 614.170, and that under his interpretation of that statute, his claims are not preempted. Tessema also argues I denied him due process because I dismissed his first two claims with prejudice and without holding an evidentiary hearing. Tessema further contends I considered material outside the pleadings without converting the defendants' motions to motions for summary judgment.[1]

I set forth the factual background of this case in my prior order, so I will not repeat those facts here except where necessary. I deny Tessema's motion.

**I. RECONSIDERATION**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as the court has jurisdiction.

---

[1] Tessema contends I clearly erred by referring only to the union when ruling on the motion filed by defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union; Leo W. Gerard; Robert LaVenture; Chris Youngmark; and Manuel Armenta. To the extent my prior order was unclear, the motion (Dkt. #47) was granted as to all moving defendants with respect to Tessema's first two claims.

*City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and quotation omitted). Generally, reconsideration of an interlocutory order is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted); *see also Antonetti v. Skolnik*, No. 3:10–cv–00158–LRH–WCG, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (stating that this court applies the Rule 59(e) standard to motions for reconsideration of interlocutory orders). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

### A. Tessema's First Two Claims

Tessema contends I mischaracterized his position regarding Nevada Revised Statutes § 614.170. According to Tessema, he did not claim in his prior filings that § 614.170 requires the union to obtain ratification of a collective bargaining agreement through a vote of the union's membership. Rather, he asserted the statute requires the union to submit the agreement to a vote by the membership, with the union thereafter free to accept or reject the agreement regardless of the outcome of that vote. Tessema contends the distinction is material because under his interpretation, the requirement to submit the matter to a non-binding vote does not interfere with the union's power to speak on behalf of the union's members or its ability to bargain with the employer.

Tessema has not shown that my characterization of his position was clearly erroneous or manifestly unjust.[2] In his complaint, opposition to the defendants' motion to dismiss, and motion

---

[2] Tessema also argues I mischaracterized his second claim as being based solely on § 614.170. He contends the complaint alleged the union had a prior practice of holding ratification votes and the union representative stated there would be a ratification vote. But Tessema's second claim alleges that by "executing the collective bargaining agreement, on March 11, 2013, in the manner which it did, the International Union failed to comply with NRS 614.170," and he requested I "render judgment, in keeping with the legislative intent of the statute declaring that pursuant to NRS 614.170 the Defendant, International Union, was obligated to submit the proposed contract to the Frias Transportation bargaining unit rank and file membership for ratification and before execution" and its failure to do so renders the agreement invalid. (Dkt. #1 at 26.) Even Tessema's motion to reconsider states that the other

1  for expedited relief, Tessema asserted the union failed to submit the agreement for "ratification"
2  and repeatedly refers to the March 11, 2013 agreement as "un-ratified." (*See, e.g.*, Dkt. #1 at 2,
3  16, 18-21, 25; Dkt. #36 at 13; Dkt. #37 at 13-15.)  The thrust of his allegations and arguments
4  was that the Nevada statute required the union to submit the contract for a vote through which the
5  members would accept or reject the contract.  He did not argue that the union failed to perform a
6  mere procedural formality of submitting the contract for a vote that would have no impact on
7  whether the union could execute the contract.  Tessema specifically contrasted an earlier
8  proposed contract that the members voted to reject.  And he noted that "the International Union
9  had never entered into a collective bargaining agreement on behalf of the taxicab drivers, absent
10 ratification by the organization's rank and file membership." (Dkt. #61 at 4.)  In Tessema's
11 complaint and other filings, he asserted the union must submit the contract to the members for a
12 vote and the members must vote to accept or ratify the contract prior to execution or the
13 agreement is invalid.  Nowhere did Tessema state that only the procedural formality of a vote was
14 required, regardless of the outcome of that vote.

15 Even considering this new interpretation, Tessema has not shown that preemption would
16 be manifestly unjust.  Under Tessema's new interpretation, § 614.170 imposes on a union the
17 duty to submit a proposed contract to the members for a vote prior to executing the agreement
18 with the employer and invalidates a contract if the union does not comply.  Under this
19 interpretation, the union could enter into the contract even if the members voted to reject it, thus
20 perhaps (although not necessarily) avoiding a conflict with the union's status as the exclusive
21 bargaining agent for its members under § 9 of the National Labor Relations Act ("NLRA"), 29
22 U.S.C. § 159. (*See* Dkt. #77 at 6-7.)

23 But this interpretation still impedes good faith negotiations and leaves employers in the
24 position of being unable to protect their interests in ensuring an agreement is valid.  As explained
25 in my prior order, employers cannot insist on a union member vote. (Dkt. #77 at 7.)  In fact, an

---

27 considerations "when viewed in concert with NRS 614.170, collectively, serve to warrant invalidation of
28 the subject CBA." (Dkt. #78 at 16.)  Tessema's second claim is based on § 614.170.

employer's insistence on a vote constitutes an unfair labor practice under section 8(a)(5) of the NLRA, 29 U.S.C. § 158(a). *See, e.g.*, *NLRB v. Cheese Barn, Inc.*, 558 F.2d 526, 529-31 (9th Cir. 1977); *Houchens Market of Elizabethtown, Inc. v. NLRB*, 375 F.2d 208, 212 (6th Cir. 1967). Because the employer cannot demand a vote, the employer, under Tessema's interpretation of § 614.170, is at risk of having the agreement declared invalid if the union does not hold a vote. Consequently, a state law requiring the union to submit a contract for a vote, even if it does not require the union to abide by the outcome of that vote, "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hill v. Florida*, 325 U.S. 538, 542 (1945) (quotation omitted);[3] *see also San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244-45 (1959) (holding that states are preempted from regulating conduct that is "arguably subject to § 7 or § 8 of the Act").

Tessema next contends my prior order was clearly erroneous because he asserts *Garmon* preemption does not apply to NLRA § 9.  Tessema does not cite any cases that hold there is no preemption, *Garmon* or otherwise, under § 9.  To the contrary, violations under § 8 may be tied to § 9. *See NLRB v. Wooster Div. of Borg-Warner Corp.*, 356 U.S. 342, 350 (1958) (holding employer's insistence on a ballot clause was an unfair labor practice under § 8(a)(5) because it was a non-mandatory subject of bargaining and it "substantially modifies the collective-bargaining system provided for in the statute by weakening the independence of the 'representative' chosen by the employees.  It enables the employer, in effect, to deal with its employees rather than with their statutory representative."); *Cheese Barn, Inc.*, 558 F.2d at 530-31; 29 U.S.C. § 158(a)(5) (making it an unfair labor practice for an employer "to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title").  Moreover, general "pre-emption principles are no less applicable in the field of labor law." *Brown v. Hotel & Rest. Emps. & Bartenders Int'l Union Local 54*, 468 U.S. 491, 501 (1984).  As explained above and in my prior order, Tessema's various proposed interpretations of

---

[3] (*See also* Dkt. #77 at 7.)

§ 614.170 would "frustrate[] the national scheme" and, if it means what Tessema says it means, the statute would be preempted. (Dkt. #77 at 7); *Hill*, 325 U.S. at 542.

Tessema also contends my refusal to definitively interpret the statute constitutes a manifest injustice. However, federal courts do not issue advisory opinions on the meaning of state statutes or "decide questions that cannot affect the rights of litigants in the case[s] before [them]." *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir. 2011). Accordingly, I deny Tessema's motion for reconsideration as to his first two claims.

### B. Evidentiary Hearing

Tessema objects that I ruled without granting an evidentiary hearing. However, an evidentiary hearing is unnecessary to determine whether his interpretation of § 614.170 is preempted. Preemption generally is a question of law. *Galvez v. Kuhn*, 933 F.2d 773, 776 (9th Cir. 1991). Moreover, the parties agreed that the contract was not submitted for a vote and thus there were no relevant factual issues to resolve. The only evidence Tessema identifies that he would have presented at an evidentiary hearing is that the union and the employer enjoyed a long history of submitting their agreements to a ratification vote. But the mere fact that this particular union and these particular employers engaged in that practice does not bear either on the meaning of a Nevada statute that would apply to all unions and employers who engage in collective bargaining or on whether the statute is preempted. I addressed this argument in my prior order. (Dkt. #77 at 7 n.3 ("Tessema alleges that all CBAs in the history of the Unit have been submitted for ratification with the exception of the CBA at the center of this controversy. I do not know if this is true, but that fact is irrelevant to my decision on this issue.").) I therefore deny Tessema's motion to reconsider to the extent it is based on a request for an evidentiary hearing.

### C. Amendment

Tessema argues it was clearly erroneous or manifest injustice to deny his claims without leave to amend. I addressed amendment in my prior order when I dismissed his claims with prejudice on the grounds that "Tessema cannot plead additional allegations consistent with those he previously pleaded that could cure the deficiencies in his claims arising from NRS 614.170."

(Dkt. #77 at 8.); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) (stating a district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts" (quotation omitted)).  Tessema has not identified any amendment he could make that would alter the disposition of his first two claims.  Accordingly, I deny reconsideration on this basis.

### D. Consideration of Materials Outside the Pleadings

Finally, Tessema's contention that I considered matters outside the pleadings without converting the defendants' motions to summary judgment motions is incorrect.  I considered Tessema's proposed interpretation of the statute and concluded that if that was what the statute meant, it was preempted.  Accordingly, I deny Tessema's motion for reconsideration on this basis.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Tadios Tessema's motion for reconsideration (Dkt. #78) is DENIED.

DATED this 29th day of May, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE